**Deborah WILLARD, Plaintiff,**

v.

**Elaine ESTERN and Coconut Coast Studios, Inc., Defendants.**

No. Civ.2000–15.

District Court, Virgin Islands, D. St. Thomas.

June 5, 2002.

Deborah Willard, St. John, U.S.V.I., plaintiff pro se.

Francis J. D'Eramo, St. Croix, U.S.V.I., for the defendants.

## MEMORANDUM

MOORE, District Judge.

Defendants Elaine Estern and Coconut Coast Studios [collectively "defendants"] move to dismiss plaintiff Deborah Willard's ["Willard" or "plaintiff"] complaint. Plaintiff opposes defendants' motion. For the reasons set forth below, I will deny the motion.

## I. BACKGROUND

The crux of the case involves the use of petroglyph symbols in artistic designs. In December of 1999, Willard, a local artist, conceived of the idea to use the "Caneel" petroglyph as the middle two zeros in the calendar year "2000." Her design was subsequently featured in the local newspaper, where it was also published for advertising purposes. Willard later applied for and received a copyright for her design. In June of 2001, Willard learned that Elaine Estern ["Estern"], another local artist, planned to use a similar design for the calender year 2002. After a series of discussions wherein Willard informed Estern of her copyright, Estern, through Coconut Coast Studios, proceeded to produced a calender for 2002 incorporating the petroglyph as the middle zeros. Upon discovering the 2002 calender, Willard sued the defendants for copyright infringement. Defendants moved to dismiss plaintiff's complaint on two grounds. First, they argue that Willard does not have a valid copyright. Second, the defendants assert that the plaintiff has failed to plead infringement sufficiently. This Court has federal jurisdiction under section 22(a) of the Revised Organic Act of 1954[1] and 28 U.S.C. § 1331.

## II. DISCUSSION

### A. Rule 12(b)(6) Standard

In considering the defendants' motion to dismiss under Rule 12(b)(6), the Court "may dismiss [the] complaint if it appears certain the plaintiff cannot prove any set of facts in support of [her] claims which would entitle [her] to relief." *See Bostic v. AT & T of the Virgin Islands*, 166 F.Supp.2d 350, 354 (D.Vi.2001) (internal quotations omitted); *see also Julien v. Committee of Bar Examiners*, 34 V.I. 281, 286, 923 F.Supp. 707, 713 (D.Vi.1996); FED. R.CIV.P. 12(b)(6). The Court accepts as true all well-pled factual allegations, drawing all reasonable inferences in the plaintiff's favor. *See Bostic*, 166 F.Supp.2d at 354; *Julien*, 34 V.I. at 286–87, 923 F.Supp. at 713.

### B. Plaintiff Has a Valid Copyright

█ The Supreme Court has stated that, in order "to qualify for copyright

---

1. 48 U.S.C. § 1612(a). The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1995 & Supp.2001), *reprinted in* V.I.CODE ANN. 73–177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2001) (preceding V.I.CODE ANN. tit. 1).

protection, a work must be original to the author". *See Feist Publs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). Defendants argue that plaintiff's work is not original and, thus, not copyrightable. In particular, the defendants note that the plaintiff merely combined two works that are in the public domain, namely a calender date and a petroglyph. Defendants' argument, however, is misguided for it asserts too high a standard of originality. "[T]he requisite level of creativity is extremely low; even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark, 'no matter how crude, humble or obvious' it might be." *See id.* As the plaintiff considered and ultimately decided to combine the calender date and the petroglyph, it appears that she had the requisite originality to create a copyrightable work.

## C. Plaintiff Has Sufficiently Pled Infringement

■ To determine whether infringement occurred, the plaintiff must show that the defendants actually copied at least some part of her work[2] and that the work is substantially similar. Defendants argue that there is no evidence that they had access to the plaintiff's work and that the works in question are not substantially similar.

### 1. Copying and the Issue of Access

■ A party is rarely able to prove through direct evidence that a party had access to a work in order to copy it. Thus, "an inference of access may still be established circumstantially by proof of similarity which is so striking that the possibilities of independent creation, coincidence and

prior common source are, as a practical matter, precluded." *Selle v. Gibb*, 741 F.2d 896, 901 (7th Cir.1984); *see also Susan Wakeen Doll Co., Inc. v. Ashton Drake Galleries*, 272 F.3d 441, 453 (7th Cir.2001) ("Access (and copying) may be inferred when two works are so similar to each other and not to anything in the public domain that it is likely that the creator of the second work copied the first, but the inference can be rebutted by disproving access or otherwise showing independent creation.") (citation omitted). Defendants argue that no inference of access is applicable here because the sources of the work, namely the calender and the petroglyph, are found in the public domain. Willard counters that there is ample evidence of access—her work is and has been displayed on clothing, newspapers, and in other public forms. At this preliminary stage in the process, I am required to give the plaintiff the benefit of the doubt by drawing all reasonable inferences in the plaintiff's favor. Accordingly, I find that she has sufficiently pled that the defendants had access to her work and used this access in creating their own design. *See Bostic*, 166 F.Supp.2d at 354; *Julien*, 34 V.I. at 286–87, 923 F.Supp. at 713.

### 2. Substantially Similar

■ Defendants also assert that the disputed works are not substantially similar. The Third Circuit Court of Appeals breaks the test for substantial similarity into two parts. The first part, called the extrinsic test, determines "whether there is sufficient similarity between the two works in question to conclude that the alleged infringer used the copyrighted work in making his own." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 291 (3d Cir.1991) (noting that this can be done

---

**2.** The issue of copying can be broken down into two parts: (1) whether the defendant had

access to the work; and (2) whether the defendant used this access to copy the work.

through comparison of the works and expert testimony). The second part, the intrinsic test, determines "whether, from a lay perspective, the copying was an unlawful appropriation of the copyrighted work." *Id.; see also Boisson v. Banian, Ltd.,* 273 F.3d 262, 272 (2d Cir.2001) (noting that a work is considered substantially similar if an "ordinary observer, unless he sets out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same.") (citation omitted). Basically, one needs to determine whether the average observer would recognize the other work as having been appropriated from the copyrighted work.[3]

Defendants argue that, as each design is based on a different petroglyph, the designs are not substantially similar and Willard's complaint must be dismissed. This argument is unpersuasive for two reasons.[4] First, which petroglyph was used in creating the respective designs creates a genuine issue of material fact best left for the jury to decide. Second, even though there are some differences between the two works, namely the width of the "00's," the slight italicization of the defendant's "00's," and its lack of the final curl, drawing all reasonable inferences in favor of the plaintiff leads me to believe that an ordinary observer may find some infringement based on the nature of the works, namely the combination of the calender year and the petroglyph. Even if that is not ultimately the case, I must give the plaintiff the benefit of the doubt at this juncture and deny the defendants' motion to dismiss.

## III. CONCLUSION

Willard has a valid copyright due to the originality of her design. Moreover, draw-

ing all inferences in favor of the plaintiff, I find that she has sufficiently alleged infringement of her design. Therefore, I will deny defendants' motion to dismiss her complaint.

## ORDER

For the reasons set forth in the foregoing Memorandum of even date, it is hereby

**ORDERED** that defendants' motion to dismiss plaintiff's complaint (Docket No. 14) is **DENIED.**

---

**3.** When utilizing this test, one may look at the nature of the protected material and the setting in which it appears.

**4.** In particular, defendants claim that they used the "Omega" petroglyph and the plaintiff used the Caneel petroglyph.